UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT NICOSIA,

                    Plaintiff,

-against-

TOWN OF HEMPSTEAD and SANITARY
DISTRICT SIX OF THE TOWN OF
HEMPSTEAD,

                    Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**
16-cv-1176 (SJF)(SIL)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 28 2017 ★

LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

       Plaintiff Robert Nicosia ("Plaintiff" or "Nicosia") commenced this action against Defendant Sanitary District Six of the Town of Hempstead ("Defendant" or the "Sanitary District"), alleging claims arising under: (i) 42 U.S.C. § 1983 ("Section 1983"); (ii) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and (iii) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq. See* Docket Entry ("DE") [1]. On October 18, 2016, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which this Court referred to Magistrate Judge Steven I. Locke for a Report and Recommendation as to whether the motion should be granted. DE [29]. In a June 14, 2017 Report and Recommendation (the "Report"), Magistrate Judge Locke recommended that Defendant's motion to dismiss be granted in its entirety. DE [51]. On July 19, 2017, Plaintiff filed a timely objection to Magistrate Judge Locke's Report, to which Defendant replied on August 4, 2017. DE [56], [57]. For the reasons set forth herein, the Court adopts Magistrate Judge Locke's Report in its entirety and grants Defendant's motion to dismiss Plaintiff's Complaint.

1

**I.     LEGAL STANDARD**

   **A.  <u>Report and Recommendation</u>**

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings on dispositive pretrial matters without the consent of the parties.  *See* Fed. R. Civ. P. 72(b); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively.").  In reviewing a magistrate judge's report and recommendation, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.  *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  However, "[o]bjections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal." *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009).  Therefore, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."  *Id.*  Similarly, where there are no specific written objections to a magistrate judge's report and recommendation, the district court may accept the findings contained therein as long as the factual and legal bases supporting the findings are not clearly erroneous.  *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).

   **B. <u>Motion to Dismiss Standard</u>**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's consideration is limited to:

> (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated . . . by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, *i.e.*, documents that are "integral" to the complaint.

*Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citations omitted); *see also Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) ("The court's consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.").

## II. OBJECTIONS

In his objection to the Report, Plaintiff argues that: (i) he pled facts sufficient to support an inference that decision making officials within the Sanitary District had constructive knowledge of constitutional violations against Plaintiff; (ii) he was not required to allege an "official policy" or "custom" to state a claim against the Sanitary District; and (iii) the Sanitary District is liable pursuant to a "cat's paw" theory of liability. *See* Memorandum of Law in Support of Plaintiff's Objections to the Report and Recommendations of Magistrate Judge Steven I. Locke ("Pl.'s Obj."), DE [56], at 2-8. Applying the standards outlined above, and for the reasons set forth herein,

Magistrate Judge Locke's Report is adopted in its entirety, and Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

### A. Constructive Knowledge of Constitutional Violations

As Magistrate Judge Locke correctly observed, Nicosia "includes no individual defendants in the Amended Complaint," and "[t]he Sanitation District is presently the only Defendant in this action." Report at 6, 8. To state a claim arising under Section 1983 against a municipal entity, the plaintiff "must allege 1) an official policy or custom that, 2) caused her to be subjected to, 3) the denial of a constitutional right." *Lovell v. Comsewogue Sch. Dist.*, 214 F. Supp. 2d 319, 324 (E.D.N.Y. 2002); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036 (1978) (holding that a municipality may not be held liable under Section 1983 on a *respondeat superior* theory of liability); *Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 24 (E.D.N.Y. 2013) ("[A] municipal entity may only be held liable where the entity itself commits a wrong; a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (internal quotation omitted). The municipal entity's policy or custom resulting in the deprivation of a constitutional right need not be explicit for purposes of liability arising under Section 1983. *See Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1992). A plaintiff may satisfy the "policy or custom" requirement by alleging:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policy makers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Jones v. Bay Shore Union Free Sch. Dist.*, 170 F. Supp. 3d 420, 438 (E.D.N.Y. 2016); *see also Davis v. City of New York*, 959 F. Supp. 2d 324, 338 (S.D.N.Y. 2013) (holding that a policy or

4

custom may be inferred by constitutional violations that are so "persistent and widespread" that they "practically have force of law"); *Lovell*, 214 F. Supp. 2d at 324 ("It can be the result of an informal practice, so long as the discriminatory practices are persistent and widespread so as to constitute a custom or usage with the force of law.") (internal quotation omitted). However, it is well established that "'a single incident involving an employee below the policymaking level will not suffice to support an inference of municipal custom or policy.'" *Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (quoting *Vann v. City of New York*, 72 F.3d 1040, 1050 (2d Cir. 1995)).

Plaintiff's allegations, accepted as true, are insufficient to state a claim against the Sanitary District arising under Section 1983. In his first objection to the Report, Plaintiff argues that he adequately alleges the existence of a municipal policy or custom because "the municipality was on notice of possible or actual constitutional violations because there is a prior lawsuit regarding a coworker." Pl.'s Obj. at 4. According to Nicosia, the plaintiff in the prior lawsuit "was subjected to a pattern of harassment and retaliation in denying [the plaintiff] promotions to supervisory positions." *Id.* Plaintiff claims that the prior lawsuit "is another example of the abject corruption and correlation between the Republican Club and actions that occur at Sanitary District Six of the Town of Hempstead." *Id.* To the extent that Nicosia claims that the mere filing of the prior lawsuit put the municipality "on notice of possible or actual constitutional violations," *see id.*, his argument lacks merit, as he does not allege that the prior lawsuit was filed *before* the actions that allegedly resulted in a deprivation of his own constitutional rights. Therefore, the municipality's knowledge of the lawsuit cannot be causally related to the alleged deprivation of Nicosia's constitutional rights, as is required to establish municipal liability under Section 1983. *See Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 481 (E.D.N.Y. 2016) ("[C]onduct occurring after the incident at

5

issue lacks the requisite affirmative link to plaintiffs' injuries—that is, plaintiffs cannot establish causation.") (internal quotations omitted); *see also D.C. v. Copiague Union Free Sch. Dist.*, No. 16-CV-4546, 2017 WL 3017189, at *6 (E.D.N.Y. July 11, 2017) (holding that activity that took place after an alleged deprivation of rights was insufficient to demonstrate causation under Section 1983). To the extent Plaintiff claims that the instances of alleged discrimination and retaliation identified in the prior lawsuit support an inference that the Sanitary District had a policy or custom that "practically ha[d] the force of law," *see Davis*, 959 F. Supp. 2d at 338, his argument also fails, as allegedly discriminating against two (2) individuals for refusing to support the Republican Club is insufficient to demonstrate "persistent and widespread" constitutional violations. *See Giaccio v. City of New York*, 502 F. Supp. 2d 380, 389 (S.D.N.Y. 2007) ("[T]he combined evidence of only two incidents would still be insufficient to show a 'custom or usage' under the *Monell* standard."); *see also Calicchio v. Sachem Cent. Sch. Dist.*, 185 F. Supp. 3d 303, 316 (E.D.N.Y. 2016) (holding that two (2) instances of allegedly unconstitutional actions were insufficient to "support the inference that the County had a policy of" permitting or condoning such behavior); *Bowles v. New York City Transit Auth.*, No. 00 Civ. 4213, 2006 WL 1418602, at *16 (S.D.N.Y. May 23, 2006) (holding that the combined evidence of only two (2) isolated incidents was insufficient to demonstrate a policy or custom for purposes of Section 1983). Therefore, Plaintiff's first objection to Magistrate Judge Locke's Report is overruled.

### B. Allegations of an Official Policy or Custom

In Nicosia's second objection to Magistrate Judge Locke's Report, Plaintiff argues that he was not required to allege an official policy or custom in order to establish the Sanitary District's liability under Section 1983. Pl.'s Obj. at 5-7. According to Plaintiff, "[w]hen a plaintiff is required to show an 'official policy' or 'custom' specifically, justice is not being served." *Id.* at

6

6. Indeed, as discussed above, a plaintiff may also demonstrate a custom or policy by alleging: (i) that the actions of official policy makers within the municipality deprived the plaintiff of his or her constitutional rights; (ii) the existence of a widespread practice or custom sufficient to impute constructive knowledge to a policymaking official; or (iii) a failure to train or supervise subordinates that reflects a deliberate indifference to the rights of individuals with whom they come in contact. *See Jones*, 170 F. Supp. 3d at 438. However, and contrary to Plaintiff's argument, Magistrate Judge Locke did not hold that municipal liability under Section 1983 can only be established by alleging the existence of an explicit custom or policy.[1] Rather, Magistrate Judge Locke also considered whether Plaintiff alleged that his rights were violated by a policy making official, holding that Plaintiff "fails to explain how any office holders, supervisors, or policy makers in the Sanitary District are connected with Plaintiff's alleged demotion, failure to promote, or workplace harassment." Report at 10. Likewise, Magistrate Judge Locke also considered whether Plaintiff alleged persistent and severe constitutional violations that "practically had the force of law," holding that "two separate incidents alleged by two individuals are insufficient to establish a common practice for *Monell* liability as a matter of law." *Id.* at 11. As Magistrate Judge Locke did not hold that a plaintiff must allege an explicit policy or custom to establish a municipality's liability under Section 1983, Plaintiff's second objection to the Report is overruled.

C. **Cat's Paw Theory of Liability**

Finally, in his third objection to the Report, Plaintiff argues that he adequately alleged a claim arising under Section 1983 against Defendant "as per the 'Cat's Paw' theory of liability." Pl.'s Obj. at 7, pursuant to which, "a final decisionmaker that relies entirely on an improperly

---

[1] Although the Report does not specifically identify the four (4) bases for demonstrating a municipal policy or custom for purposes of liability under Section 1983, Magistrate Judge Locke analyzed Plaintiff's allegations with respect to each method of demonstrating a policy or custom. *See* Report at 8-13.

7

motivated recommendation from a subordinate may render the municipality liable because the subordinate, although not formally delegated the power to made decisions, acts as the municipality's agent." *Nagle v. Maron*, 663 F.3d 100, 117 (2d Cir. 2011); *see also Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 274 (2d Cir. 2016) ("[A] discriminatory termination claim can proceed against an employer who negligently permitted the plaintiff's co-worker, a low-level employee harboring discriminatory intent, to induce the plaintiff's termination.") (citing *Burlingon Indus., Inc. v. Ellerth*, 524 U.S. 742, 754, 118 S. Ct. 2257, 2265 (1998)). However, "[t]he Second Circuit has not held that the cat's paw theory applies in the context of a § 1983 claim," *see Kregler v. City of New York*, 987 F. Supp. 2d 357, 366 (S.D.N.Y. 2013), and other courts in this Circuit have declined to apply a cat's paw theory to claims arising under Section 1983. *See, e.g.*, *Baity v. Kralik*, 51 F. Supp. 3d 414, 443-44 (S.D.N.Y. 2014) (declining to find a municipality liable under Section 1983 based upon the plaintiff's cat's paw theory of liability); *Monz v. Rocky Point Fire Dist.*, 853 F. Supp. 2d 277, 288 n.13 (E.D.N.Y. 2012) ("[T]he Second Circuit has yet to determine whether [the cat's paw theory] is applicable in the context of § 1983 and the Court will not do so here."). To that end, the cases upon which Plaintiff relies in support of his third objection do not deal with claims arising under Section 1983. *See Staub v. Proctor*, 562 U.S. 411, 131 S. Ct. 1186 (2011) (analyzing the cat's paw theory in an action arising under the Uniformed Services Employment and Reemployment Rights Act of 1994); *Vasquez*, 835 F.3d at 267 (analyzing the cat's paw theory in an action arising under Title VII of the Civil Rights Act of 1964); *Holcomb v. Iona Coll.*, 521 F.3d 130 (2d Cir. 2008) (same). As Plaintiff has failed to identify any controlling case law within the Second Circuit applying the cat's paw theory of liability to a claim arising under Section 1983, the Court declines to do so here. Rather, the Court adheres to the longstanding precedent within the Second Circuit that "a municipality cannot be

held liable under § 1983 on a *respondeat superior* theory." *Genovese*, 921 F. Supp. 2d at 24. Therefore, Plaintiff's third objection to Magistrate Judge Locke's Report is overruled.

## D. Remainder of the Report and Recommendation

As discussed above, the Court must review those portions of a report and recommendation to which no objections have been filed for clear error.[2] *See Frankel*, 2009 WL 465645, at *2. Having reviewed the remainder of Magistrate Judge Locke's Report for clear error, and having found none, the Court adopts Magistrate Judge Locke's June 14, 2017 Report and Recommendation in its entirety. Therefore, Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

## III. CONCLUSION

For the reasons set forth herein, Magistrate Judge Locke's June 14, 2017 Report and Recommendation is adopted in its entirety, and Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted. The Clerk of the Court is direct to enter judgment in favor of Defendant and to close this case.

Dated: Central Islip, New York
       August 28, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

---

[2] Although Magistrate Judge Locke offered a thorough analysis of the merits of Plaintiff's claim for First Amendment retaliation under Section 1983 and age discrimination under the Equal Protection Clause and the NYSHRL "[f]or the sake of a more complete record," *see* Report at 14, having determined that Plaintiff fails to allege the existence of a municipal policy or custom, and because the Court declines to exercise supplemental jurisdiction over Plaintiff's claims arising under New York state law, the Court takes no position as to the merits of these claims.